UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY R. HOVEN,

              Plaintiff,                                Case No. 1:11-cv-881

v.                                                HON. JANET T. NEFF

WALGREEN CO.,

              Defendant.

_____/

**OPINION**

In this removed employment case, Plaintiff Jeremy R. Hoven asserts that Defendant Walgreen Co. violated Michigan public policy by wrongfully terminating his employment in May 2011. Pending before the Court is Defendant's Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) (Dkt 51). Having conducted a Pre-Motion Conference on this matter and having now fully considered the parties' written briefs, detailed stipulated statements of fact and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court grants Defendant's motion.

**I. BACKGROUND**

On or about February 9, 2006, Plaintiff began working as a staff pharmacist at Defendant's Pipestone Road store in Benton Harbor, Michigan (Dkt 7-1, Compl. ¶ 7). He transferred to Defendant's Napier Avenue store in Benton Harbor on or about March 9, 2007 (*id.* ¶ 9). On November 21, 2008, Plaintiff was issued a Michigan Concealed Pistol License (*id.* ¶ 15). He

subsequently purchased a handgun and began carrying it to work, concealing it in his pants pocket (*id.* ¶ 16).

On May 8, 2011, there was an attempted robbery at the Napier Avenue store where Plaintiff was working (Dkt 7-1, Compl. ¶ 17).  During the attempted robbery, Plaintiff drew his concealed handgun and fired it several times (*id.* ¶ 21).  Plaintiff alleges he drew his gun in "self-defense and in defense of his co-workers" (*id.*).  On May 16, 2011, Defendant notified Plaintiff that his employment was terminated, effective May 13, 2011 (*id.* ¶ 29).  Plaintiff alleges that he was discharged for violating Defendant's "non-escalation" policy in connection with the attempted robbery (*id.* ¶ 28).

Plaintiff filed suit against Defendant in state court on June 17, 2011.  Plaintiff's complaint makes the singular allegation that Defendant violated public policy by discharging Plaintiff, an at-will employee, for "lawfully exercising his right of self-defense, the defense of others, and to carry a concealed weapon" (Dkt 7-1, Compl. ¶ 33).  In his complaint, Plaintiff delineates seven sources as providing the public policy upon which he relies:  the U.S. CONST., Am. II and MICH. CONST. 1963, art. 1 § 6; MICH. COMP. LAWS § 28.421 *et seq.*; MICH. COMP. LAWS § 750.227; MICH. COMP. LAWS § 780.951; MICH. COMP. LAWS § 780.971 *et seq.*; and Civil Jury Instruction 7.15 (*id.* ¶ 31).

On August 19, 2011, Defendant removed the case to this Court, citing both federal-question and diversity jurisdiction grounds (Dkt 1, Notice of Removal ¶¶ 3-4).  Following a pre-motion conference in November 2011, this Court issued a schedule permitting the parties to brief Defendant's proposed dispositive motion; however, the briefing schedule was suspended pending a decision on the interim motion filed by Plaintiff, seeking leave to amend his complaint (Orders, Dkts 31, 36).  The motion for leave to file an amended complaint was referred to the Magistrate Judge, who, following a motion hearing in February 2012, denied the motion without prejudice

(Order, Dkt 45).   In April 2012, the parties filed their dispositive motion papers:  Defendant's motion (Dkt 51), Plaintiff's response (Dkt 54), and Defendant's reply (Dkt 56).

In June 2012, Plaintiff filed a motion for leave to supplement his brief (Dkt 58), to which Defendant filed a response in opposition in July 2012 (Dkt 59).  Plaintiff's proposed supplemental brief is a two-page document alerting this Court to the decision in *People of the State of Michigan v. Yanna*, ___ N.W.2d ___; 297 Mich. App. 137 (2012) (Dkt 58-2, Ex. A).   The Court is not persuaded that leave would be properly denied, especially in light of Defendant's September 2012 filing of a "Notice of Intent to Rely on Additional Authority," alerting this Court to the decision in *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428 (6th Cir. 2012) (Dkt 60).

## II.  ANALYSIS

### A.     Motion Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  On a Rule 12(c) motion, the court must take "all well-pleaded material allegations of the pleadings of the opposing party ... as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  A well-pleaded complaint contains "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), such that the plaintiff pleaded sufficient "factual content [to allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This Court applies state law in accordance with the controlling decisions of the state supreme court.  *See Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001) (citing *Prestige Cas. Co. v. Mich. Mut. Ins. Co.*, 99 F.3d 1340, 1348 (6th Cir. 1996)).  If the state supreme

court has not yet addressed the issue presented, then the Court must predict how the court would rule by looking to all the available data. *See id.* "Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless we are presented with persuasive data that the Michigan Supreme Court would decide otherwise." *Id.* (quoting *Kingsley Assoc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 507 (6th Cir. 1995)).

## B. Discussion

Plaintiff does not dispute that he was an at-will employee at the time Defendant terminated his employment. "Generally, and under Michigan law by presumption, employment relationships are terminable at the will of either party." *Lytle v. Malady*, 579 N.W.2d 906, 910 (Mich. 1998). "An employee hired under such a contract may be discharged at any time and for no reason; the employer can do so arbitrarily and capriciously." *Bracco v. Michigan Technological Univ.*, 588 N.W.2d 467, 474 (Mich. Ct. App. 1998) (citing *Rood v. Gen. Dynamics Corp.*, 507 N.W.2d 591, 597 (Mich. 1993)).

However, in *Suchodolski v. Mich. Consol. Gas Co.*, 316 N.W.2d 710, 711-12 (Mich. 1982), the Michigan Supreme Court described three situations under Michigan law where the discharge of an at-will employee is so contrary to public policy as to be actionable: (1) where an "explicit legislative statement" prohibits the discharge; (2) where "sufficient legislative expression of policy" implies a cause of action for wrongful termination; and (3) where the reason for the discharge was the employee's exercise of a right conferred by a "well-established legislative enactment." *Suchodolski v. Mich. Consol. Gas Co.*, 316 N.W.2d 710, 711-12 (Mich. 1982).

At issue here is whether Plaintiff successfully pleaded a public policy exception to the employment at-will doctrine. Defendant argues that it is entitled to judgment on the pleadings because Plaintiff's complaint does not state a claim upon which relief can be granted. According

to Defendant, Plaintiff has not and cannot identify any well-established legislative enactment that allows employees to possess handguns on the premises of their private employers (Dkt 52 at 3). To the contrary, points out Defendant, the Michigan Legislature has passed a law that permits employers to *prohibit* employees from carrying concealed weapons on their premises (*id.*). Additionally, Defendant argues that Plaintiff likewise has not and cannot identify any well-established legislative enactment that prohibits employers from discharging employees who engage in such conduct (*id.*). Accordingly, Defendant concludes that Plaintiff's lawsuit should be dismissed.

Plaintiff opposes Defendant's motion, arguing that Michigan public policy recognizes citizens' rights to self-defense and the defense of others and that his complaint therefore states a "legitimate and recognized legal claim that Walgreen violated Michigan's established public policy by firing him" (Dkt 54 at 9). According to Plaintiff, "a variety of constitutional provisions, Michigan statutes, and common law provide a broad and strong foundation for the public policy upholding a citizen's rights of self-defense and defense of others" (Dkt 54 at 21). Plaintiff collectively examines the sources he delineates in his complaint, opining that "[t]hese various authorities provide the foundation and framework for the well-established public policy and critical expression of law in the State of Michigan" (*id.* at 23).[1]

Again, the seven sources Plaintiff delineates in his complaint as providing the public policy upon which he relies to challenge his termination are the following: the U.S. CONST., Am. II and

---

[1]Plaintiff also argues that this Court should deny Defendant's motion because there are material disputed issues regarding whether Plaintiff was put on notice of any "non-escalation" or "Workplace Violence" policy and material disputed issues surrounding the occurrence of the May 8, 2011 attempted robbery (Dkt 54 at 15-18); however, the present question before the Court is whether Plaintiff has successfully pleaded a public policy exception to the employment at-will doctrine, not whether Defendant's actions amounted to a violation of any identified public policy.

MICH. CONST. 1963, art. 1 § 6; MICH. COMP. LAWS § 28.421 *et seq.*; MICH. COMP. LAWS § 750.227;

MICH. COMP. LAWS § 780.951; MICH. COMP. LAWS § 780.971 *et seq.*; and Civil Jury Instruction

7.15 (Dkt 7-1, Compl. ¶ 31).  The Second Amendment to the United States Constitution provides

that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people

to keep and bear Arms, shall not be infringed."  U.S. CONST. amend. II.  Article I, Section 6 of

Michigan's Constitution similarly provides that "[e]very person has a right to keep and bear arms

for the defense of himself and the state."  MICH. CONST. art . I, § 6.

Michigan's Concealed Pistol Licensing Act (CPLA), MICH. COMP. LAWS § 28.421 *et seq.*,

Plaintiff's third source, provides in pertinent part the following:

> (2)     Except as provided in subsection (3) [regarding police agencies], an
> employer shall not prohibit an employee from doing either of the following:
>
>> (a)     Applying for or receiving a license to carry a concealed pistol under
>> this act.
>>
>> (b)     Carrying a concealed pistol in compliance with a license issued under
>> this act.  This subdivision does not prohibit an employer from
>> prohibiting an employee from carrying a concealed pistol in the
>> course of his or her employment with that employer.

MICH. COMP. LAWS § 28.425n(2)(a) and (b).

MICH. COMP. LAWS § 750.227, Plaintiff's fourth source, is the Michigan Penal Code

provision that sets forth penalties for unlawfully carrying a concealed weapon.  MICH. COMP. LAWS

§ 780.951, the fifth source, is a criminal procedure statute providing in pertinent part "a rebuttable

presumption in a civil or criminal case that an individual who uses deadly force or force other than

deadly force under section 2 of the self-defense act has an honest and reasonable belief that

imminent death of, sexual assault of, or great bodily harm to himself or herself or another individual

will occur if both of the following apply:  (a) The individual against whom deadly force ... is used

is in the process of breaking and entering a dwelling or business premises ... [and] (b) The individual using deadly force ... honestly and reasonably believes that the individual is engaging in conduct described in subdivision (a)." MICH. COMP. LAWS § 780.951(1)(a)-(b).

Last, Plaintiff references MICH. COMP. LAWS § 780.971 *et seq.* (the Self-Defense Act) and Michigan Civil Jury Instruction 2d 7.15 ("Use of Deadly Force in Self-Defense"), which both generally provide that if an individual acts in lawful self-defense or in the lawful defense of others, then the individual's use of force is excused and the individual is not guilty of a crime.

As a threshold matter, Defendant is correct that unlike certain Michigan provisions providing statutory causes of action for employment terminations unlawfully based on characteristics like the employee's age, gender or disability, none of the sources upon which Plaintiff relies expressly or impliedly provide a private right of action to challenge employment terminations, which seems to support Defendant's position in this case that Plaintiff may not pursue this public-policy exception to the at-will employment doctrine. *See Lash v. City of Traverse City*, 735 N.W.2d 628, 636 (Mich. 2007) (prohibiting courts from implying a private right of action without evidence of legislative intent); *Casias v. Wal-Mart Stores, Inc.*, 764 F. Supp. 2d 914, 921 (W.D. Mich. 2011) (questioning the source of a court's power to create a remedy where the statute does not itself create a private cause of action to enforce the public policy), aff'd, 695 F.3d 428 (6th Cir. 2012); *but see Garavaglia v. Centra, Inc.*, 536 N.W.2d 805, 808 (Mich. Ct. App. 1995) (opining that the fact that the statute did not specifically confer rights upon the plaintiff was "not dispositive" to the plaintiff's public policy claim).

Even assuming arguendo that the *Suchodolski* public-policy claim survives where the Michigan Legislature has not concomitantly provided a cause of action for the basis of the claim, Plaintiff must identify a "well-established legislative enactment" that addresses the particular

conduct at issue, *Suchodolski,* 316 N.W.2d at 711-12.  *See, e.g., Humenny v. Genex Corp.*, 390 F.3d 901, 907-08 (6th Cir. 2004) (applying Michigan law and deciding that the plaintiff's public policy claim must fail because she failed to identify any well-established legislative enactment addressing the particular conduct in the case).

Here, none of the sources upon which Plaintiff relies address the particular conduct in this case.  Defendant correctly argues that Plaintiff's reliance on the United States and Michigan Constitutions is misplaced because the constitutional provisions do not govern private conduct, let alone private employment conduct, but have been limited to protection against state action (Dkt 52 at 7-8, citing *Prysak v. R. L. Polk Co.*, 483 N.W.2d 629, 634 (Mich. Ct. App. 1992) (holding that "the federal and the Michigan constitutional provisions guaranteeing free speech do not extend to private conduct, but have been limited to protection against state action"); *DiTomaso v. Elec. Data Sys.*, No. 87-cv-60320, 1988 WL 156317, at *4 (E.D. Mich. 1988) (unpublished) (holding the plaintiffs' reliance on the Michigan Constitution to support their public policy wrongful discharge claim was "misplaced" because the employer was a private corporation "not governed by the constitutional dictates")).  The constitutional provisions upon which Plaintiff relies provide individuals with the general right to bear arms, but neither are "directed at conferring rights on employees," *Suchodolski*, 316 N.W.2d at 711-12.

Likewise, the statutory provisions and standard jury instruction upon which Plaintiff relies provide or describe a potential defense to criminal prosecution or other state action, but the policies espoused therein do not apply to this case inasmuch as they are not "directed at conferring rights on employees," *Suchodolski*, 316 N.W.2d at 711-12, and instead lend support to the conclusion that the right to bear arms is not unlimited.  Indeed, Plaintiff's position in this case is especially weak because the Michigan Legislature has expressed exactly the *opposite* policy that Plaintiff seeks to

winnow out from this collection of sources.  Specifically, § 5n of Michigan's CPLA provides that nothing in the Act shall "prohibit an employer from prohibiting an employee from carrying a concealed weapon in the course of his or her employment with that employer."  MICH. COMP. LAWS § 28.425n(2)(b).  As Defendant opines, § 5n of Michigan's CPLA forbade it from prohibiting Plaintiff from carrying his concealed handgun in compliance with his license, but Michigan's CPLA also makes clear that Defendant was well within its legal rights to prohibit Plaintiff from carrying his concealed handgun *in the course of his employment* (Dkt 52 at 10) (emphasis added).

Although Michigan courts have not yet addressed whether there is a public policy involving the right to bear arms such that an at-will employee may not be terminated when he exercises that right, the presence of § 5n of the CPLA, which authorizes employers to limit their employees' right to bear arms, belies this possibility.  The plain language of § 5n of the CPLA does not support the public-policy exception to Michigan's at-will employment presumption that Plaintiff espouses here; rather, the plain language effectuates the opposite policy, to wit:  that private employers may limit handguns in the workplace.  *See Sun Valley Foods Co. v. Ward*, 596 N.W.2d 119, 123 (Mich. 1999) (indicating that the "foremost rule" in construing a statute is to discern and give effect to the intent of the legislature and that "[t]he words of a statute provide 'the most reliable evidence of its intent....'") (quoting *United States v Turkette,* 452 U.S. 576, 593 (1981)).  *See, e.g., Plona v. UPS*, 558 F.3d 478, 481-82 (6th Cir. 2009) (affirming decision to dismiss wrongful discharge claim where the Ohio Constitution provided a general right to bear arms but the Ohio legislature had specifically provided that employers may limit their employees' rights to bear arms); *Bastible v. Weyerhaeuser Co.*, 437 F.3d 999, 1007-08 (10th Cir. 2006) (deciding that "[w]hile the Oklahoma courts have not addressed the precise question of whether there is a clear and compelling public policy involving the right to bear arms, such that an at-will employee may not be terminated when he exercises that

right, we are confident that those courts would not embrace that view [because, a]s indicated, both the Oklahoma Constitution and the Oklahoma courts recognize that the right to bear arms is not unlimited, and, indeed, may be regulated.")

In sum, the sources Plaintiff delineates, whether examined individually or collectively, do not bestow the protection he seeks from Michigan's at-will employment presumption. Plaintiff has not demonstrated a general policy in Michigan to prohibit the discharge, discipline or other adverse treatment of at-will employees who act in accordance with their right to bear arms or carry a concealed weapon. Rather, even construing the complaint in the light most favorable to Plaintiff and taking all well-pleaded material allegations as true, Plaintiff fails to state a plausible public-policy wrongful discharge claim on these facts. Accordingly, Defendant is entitled to judgment as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Supplemental Brief (Dkt 58) is GRANTED, and Defendant's Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) (Dkt 51) is GRANTED. An Order will be entered consistent with this Opinion. Further, because this Order resolves the last pending claim, a Judgment will also be entered.

DATED: December 4, 2012          /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge